Filed 2/28/22  P. v. Logan CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093291 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F05640) |
| v. | |
| MARCUS LOGAN, | |
| Defendant and Appellant. | |

In November 2014, a jury found defendant Marcus Logan guilty of second degree murder.  The trial court sentenced defendant to 15 years to life in state prison.  We affirmed that judgment in an unpublished opinion.  (*People v. Logan et al.* (May 22, 2017, C078017) [nonpub. opn.] (*Logan*).)

1

Defendant appeals from a postjudgment order denying his petition for resentencing on his murder conviction under Penal Code section 1170.95.[1] He argues the trial court erred in dismissing his petition without issuing an order to show cause. We affirm the trial court's order.

## BACKGROUND

In September 2014, the People charged defendant with first degree murder (§ 187) and attempted robbery (§§ 211, 664). The People alleged the murder was committed during the course of the attempted robbery. (§ 190.2, subd. (a)(17).)

To convict defendant of murder, the jury was instructed on first degree murder (CALCRIM No. 521), first degree felony murder (CALCRIM No. 540B), first and second degree murder with malice aforethought (CALCRIM No. 520), and aiding and abetting (CALCRIM No. 400). As noted in our opinion on appeal, the jury was not instructed on the natural and probable consequences theory of murder. (See *Logan, supra*, C078017.)

After six days of deliberation, the jury found defendant not guilty of first degree murder but guilty of second degree murder. The jury could not reach a verdict on the charge of attempted robbery, nor could they reach a finding on the special circumstance allegation that the murder was committed during an attempted robbery. The court declared a mistrial as to that charge and allegation. The court sentenced defendant to a term of 15 years to life in state prison.

Defendant appealed, and in May 2017, we affirmed his conviction in an unpublished opinion. (*Logan, supra*, C078017.)

---

[1] Undesignated statutory references are to the Penal Code.

On August 12, 2019, with the assistance of counsel, defendant filed a section 1170.95 petition for resentencing. The People opposed the petition and defendant filed a reply in response to their opposition.

After considering the record of conviction and argument from counsel, the trial court denied defendant's petition finding he "fail[ed] to set forth a prima facie case for relief" under section 1170.95. Accordingly, the court denied his petition without issuing an order to show cause.

## DISCUSSION

### A. *Legal Principles*

Section 1170.95[2] allows those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial . . . . [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

"[P]etitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition (see § 1170.95, subds. (b), (c)) and that only after the appointment of counsel and the opportunity for briefing may the superior court consider

_____

[2] References in this opinion to section 1170.95 refer to the version in effect at the time the trial court ruled on the petition. (Stats. 2018, ch. 1015, § 4.) The Legislature further amended section 1170.95 effective January 1, 2022, under Senate Bill No. 775 (2021-2022 Reg. Sess.). This amendment to section 1170.95 has no impact on the issues raised by this appeal.

3

the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.' (§ 1170.95, subd. (c).)" (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)

"If the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause, and then must hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.' (§ 1170.95, subd. (d)(1).) 'The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.' (§ 1170.95, subd. (d)(3).) At the hearing stage, 'the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' (§ 1170.95, subd. (d)(3).)" (*Lewis*, *supra*, 11 Cal.5th at p. 960.)

### B.     Analysis

Defendant stated in his declaration that he was convicted of murder under the felony-murder rule, which would not have supported a murder conviction after the changes to sections 188 and 189. The record of conviction, however, belies his claim. (*Lewis*, *supra*, 11 Cal.5th at p. 970 [trial court may consider record of conviction in determining whether prima facie showing has been made under § 1170.95]; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055 [jury instructions are part of the record of conviction].)

Our prior unpublished opinion establishes defendant was convicted of second degree murder as a direct aider and abettor. (See *Logan, supra*, C078017.) As we note in our opinion, the jury was not instructed on the natural and probable consequences doctrine. (*Ibid.*) Instead, the jury was instructed on aiding and abetting (CALCRIM No. 400), first and second degree murder with malice aforethought (CALCRIM No. 520),

4

first degree murder (CALCRIM No. 521), and first degree felony murder (CALCRIM No. 540B).

Notably, the felony-murder instruction was limited to finding defendant guilty of first degree murder. Yet, the jury convicted defendant of second degree murder. As a result, defendant could not have been convicted under a theory of felony murder.

Moreover, the jury did not find defendant or his codefendants guilty of attempted robbery, nor did they find true the special circumstance allegation that the murder was committed during the commission of an attempted robbery. The finding of guilt on the underlying felony is a required element of first degree felony murder. (See CALCRIM No. 540B.) Because he was not convicted of the target offense, defendant could not have been convicted of felony murder.

In sum, the jury was not instructed on natural and probable consequences and defendant could not have been convicted under a theory of felony murder based on the record of conviction. As a result, defendant is ineligible for relief under section 1170.95 as a matter of law.

## DISPOSITION

The order denying defendant's petition for resentencing is affirmed.

\_\_\_\_\_/s/_____
HOCH, J.

We concur:

\_\_\_\_/s/_____
RAYE, P. J.

\_\_\_\_/s/_____
DUARTE, J.

5